**E-Filed 7/23/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADIBA MAHROOM, et al., | Case Number C 07-2351 JF (HRL) |
| Plaintiffs, | ORDER DENYING DEFENDANT'S REQUEST FOR A TEMPORARY RESTRAINING ORDER |
| v. | |
| BEST WESTERN INTERNATIONAL, INC., | |
| Defendant. | [re: doc. no. 8] |

Defendant seeks a temporary restraining order requiring Plaintiffs to cease their use of Defendant's trade name, trademarks, service marks, logos, and other identifying symbols. The Court has considered the moving and opposing papers and the evidence submitted in connection therewith. For the reasons discussed below, the request for a temporary restraining order will be denied, and the matter will be calendared for hearing, following a reasonable opportunity for discovery, on Defendant's motion for a preliminary injunction.

### I. BACKGROUND

Plaintiffs Adiba and Majid Mahroom ("the Mahrooms") have operated a Best Western motel in Seaside, California since 1975. Defendant Best Western International, Inc. ("BWI") is an Arizona nonprofit membership organization consisting of individually owned and operated

motels and hotels.  BWI has registered marks that it allows its members to use.  BWI first registered its logo as a service mark under Registration No. 677,103 in 1959.  BWI's logos were registered as collective memberships in 1959, its word marks were registered in 1987, its crown logo design was registered in 1988, and its current logo was registered in 1995.

The Mahrooms have operated a Best Western motel since 1975.  BWI asserts that for a period of two years, BWI continuously has informed the Mahrooms that their motel is not in compliance with BWI's standards.  In August 2006, BWI informed the Mahrooms that the motel still was substandard and that BWI would seek to terminate their membership.  BWI held an internal hearing regarding the motel in November 2006 and voted to terminate the Mahrooms's membership, citing the Mahrooms's alleged failure to improve the design of the motel and poor customer service ratings.

The Mahrooms assert that they received a substandard score only once when they employed a management company that did not respond properly to guest complaints.  According to the Mahrooms, service returned to acceptable standards after the management company was terminated.  The Mahrooms claim that they never received a formal notice from BWI requiring them to remodel the motel, but acknowledged that they were aware of BWI's desire that older properties be remodeled.  The Mahrooms stated that they spent approximately $140,000 for new furniture, mirrors, carpets, and other improvements.  They also allege that they received extensions to finish the upgrading, but nonetheless received the notice of termination.

The Mahrooms filed the instant action in the Monterey Superior Court on April 4, 2007, alleging breach of contract and related claims.  BWI removed the action to this Court on April 30, 2007, and ten days later filed a motion to dismiss or transfer venue and an alternative application for a temporary restraining order ("TRO").  The motion to dismiss or transfer is the subject of a separate order filed concurrently herewith.

BWI filed a lawsuit against the Mahrooms in the United States District Court for the District of Arizona on April 19, 2007, alleging breach of contract and related claims.  BWI alleges that the Mahrooms unlawfully are continuing to use BWI's trade name, trademarks, service marks, logos and other identification symbols, and that such use is harming BWI because

1  the Mahrooms's Seaside motel has received poor customer service reports that have been widely
2  published on the Internet. The Arizona district court denied BWI's motion for a TRO,
3  concluding that under the first-to-file rule, this Court properly should determine where the
4  parties' disputes should be litigated.
5      BWI requested that this Court shorten time for hearing on its motion to dismiss or
6  transfer and alternative request for a TRO, asserting that it is being irreparably harmed by the
7  Mahrooms's continued use of its marks.

## II.  LEGAL STANDARD

In order for a court to issue a temporary restraining order, the moving party must "make a clear showing of either (1) a combination of probable success on the merits and a possibility of irreparable injury, or (2) that its claims raise serious questions as to the merits and that the balance of hardships tips in its favor." *Connecticut General Life Ins. Co. V. New Images of Beverley Hills*, 321 F.3d 878, 881 (9th Cir. 2003).

## III.  DISCUSSION

### A.   Objections to Evidence

The Mahrooms object to the exhibits attached to BWI's TRO application and motion to dismiss. The Mahrooms contend that the documents are inadmissible because they are not authenticated. Plaintiff Objection at pg. 1. The Mahrooms also object on numerous grounds to the entire declaration of Cheryl Pollack dated May 8, 2007. Plaintiff Objection at pgs. 2-4. The Court concludes that the documents are self-authenticating under rule 902(9) of the Federal Rules of Evidence: "(9) Commercial paper and related documents. Commercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law." Fed. R. Evid. 902. As to Ms. Pollack's May 8, 2007 declaration, Plaintiffs offer no factual basis for their objection. As Director of Member Care and Development Administration for BWI, Ms. Pollack clearly is competent to testify on behalf of the corporate entity. Accordingly, the objections will be overruled.

### B.   Temporary Restraining Order

Assuming that a hearing on the merits takes place within a reasonable period of time, the

1  Court is not persuaded that BWI will suffer irreparable harm if the Mahrooms continue to use the
2  BWI logo pending such a hearing.  BWI argues that trademark infringement "by [its] very nature
3  [is] irreparable and not susceptible of adequate measurement for remedy at law." *C&C*
4  *Organization v. AGDS*, 676 F.Supp. 204, 208 (C.D. Cal. 1987).  However, there appears to be a
5  genuine dispute as to whether the Mahrooms's motel in fact is substandard, and whether BWI
6  consequently is entitled to terminate the membership agreement.
7      Moreover, the balancing of hardships tips rather decidedly in favor of the Mahrooms.
8  BWI asserts that the Mahrooms's continued use of the BWI logo causes customers to believe that
9  the motel is a viable Best Western property, and that because the motel is substandard the
10 Mahrooms's continued use of the BWI logo damages BWI's reputation.  However, it is
11 undisputed that the Mahrooms have operated a Best Western motel for more than thirty years,
12 and that they rely on BWI's marks to attract customers.  The Mahrooms will incur substantial
13 costs and loss of business if they are forced to remove the BWI marks pending a hearing.

### IV. ORDER

15     Good cause therefor appearing, Defendant's application for a temporary restraining order
16 is DENIED.  A hearing on Defendant's motion for a preliminary injunction is set for August 31,
17 2007.  The parties shall cooperate in discovery in order to ensure that the hearing takes place as
18 scheduled.
19 IT IS SO ORDERED.

22 DATED: July 23, 2007

   _____
   JEREMY FOGEL
   United States District Judge

Case No. C 07-2351 JF (HRL)
ORDER DENYING DEFENDANT'S REQUEST FOR A TEMPORARY RESTRAINING ORDER
(JFEX2)

1  Copies of Order served on:

2  Antony E. Buchignani: antony.buchignani@dlapiper.com, laverne.patane@dlapiper.com

3  John C. Gorman: jgorman@gormanmiller.com

4  Charles Joseph Stiegler: cstiegler@gormanmiller.com

Case No. C 07-2351 JF (HRL)
ORDER DENYING DEFENDANT'S REQUEST FOR A TEMPORARY RESTRAINING ORDER
(JFEX2)