**E-Filed 7/23/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADIBA MAHROOM, et al., <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>BEST WESTERN INTERNATIONAL, INC., <br><br>　　　　　Defendant. | Case Number C 07-2351 JF (HRL) <br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE TO TRANSFER VENUE <br><br><br>[re: doc. no.7] |

Defendant moves to dismiss the present action, or, in the alternative, to transfer venue, based upon a forum-selection clause in the membership agreement between the parties. The Court has considered the moving and opposing papers and the evidence submitted in connection therewith. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

Plaintiffs Adiba and Majid Mahroom ("the Mahrooms") have operated a Best Western motel in Seaside, California since 1975. Defendant Best Western International, Inc. ("BWI") recently gave the Mahrooms notice of termination and instructed them to debrand the motel. The Mahrooms filed the instant action in the Monterey Superior Court on April 4, 2007, alleging breach of contract and related claims. BWI removed the action to this Court on April 30, 2007,

1 and ten days later filed the instant motion to dismiss or transfer venue and an alternative
2 application for a temporary restraining order ("TRO").

3       BWI filed a lawsuit against the Mahrooms in the United States District Court for the
4 District of Arizona on April 19, 2007, alleging breach of contract and related claims. BWI
5 alleges that the Mahrooms unlawfully are continuing to use BWI's trade name, trademarks,
6 service marks, logos and other identification symbols, and that such use is harming BWI because
7 the Mahrooms's Seaside motel has received poor customer service reports that have been widely
8 published on the Internet. The Arizona district court denied BWI's motion for a TRO,
9 concluding that under the first-to-file rule, this Court properly should determine where the
10 parties' disputes should be litigated.

11       BWI asserts that venue is improper in California because the parties' membership
12 agreement includes a forum selection clause which designates Arizona as the proper forum. If
13 the action is not dismissed, BWI argues that the Court should transfer it to the District of
14 Arizona. BWI asserts that Arizona is the more convenient forum for both parties because BWI is
15 located in Arizona, and the Mahrooms previously have traveled to Arizona for motel business
16 purposes. The Mahrooms oppose this motion arguing that BWI is subject to Cal. Bus. & Prof.
17 Code § 20001(d)(3), which prohibits the enforcement of such forum-selection clauses in
18 franchise agreements. On June 15, 2007, following oral argument, this Court ordered both
19 parties to file supplemental briefs addressing the issue of whether BWI was required under
20 California law to submit an offering circular to its members, and whether BWI's Disclosure
21 Statement was sufficient disclosure to satisfy that requirement.

22       The parties submitted their supplemental briefs on June 22, 2007. The Mahrooms assert
23 that an offering circular is required because BWI has not complied with Cal. Corp. Code §
24 31101(d). The Mahrooms argue further that BWI's Disclosure Statement lacks many of the
25 requirements of an offering circular, including a: list of the names, positions, and business
26 experiences of the directors, trustees, general partners, and officers of the franchise. Gorman
27 Declaration ¶ 7. The Mahrooms also claim that they never have received either an offering
28 circular or a Disclosure Statement. Mahroom Declaration ¶ 4.

Case No. C 07-2351 JF (HRL)
ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE TO TRANSFER VENUE
(JFEX2)

BWI argues it is exempt from the requirement that it provide an offering circular under both Cal. Corp. Code § 31101, or, because the Mahrooms are "experienced franchisees" under Cal. Corp. Code § 31106. BWI reply pg. 7. BWI also claims that the requirement of an offering circular does not apply here because the Mahrooms signed their membership agreement with BWI before Cal. Bus. & Prof. Code § 20001(d)(3) became effective. *Id.* at pg. 4.

## II.  LEGAL STANDARD

This action raises both federal and state issues, and therefore venue is governed by 28 U.S.C. § 1391(b), which states:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (2007).  As BWI is a corporation, BWI is also governed by 28 U.S.C. 1391(c), which states:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. 1391(c) (2007).

## III.  DISCUSSION

**A.      Personal Jurisdiction**

A district court sitting in California may exercise personal jurisdiction over a non-resident defendant if the defendant has "minimum contacts" with California such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  If the nonresident defendant's contacts with California are "substantial" or "continuous and systematic," the defendant is subject to "general

1 jurisdiction" in California even if the cause of action is not related to the defendant's activities
2 within the state. *Data Disc*, 557 F.2d at 1287. If the defendant's activities within the state are
3 not so pervasive as to subject it to general jurisdiction, it may be subject to "specific jurisdiction"
4 if the cause of action is directly related to those activities. *Data Disc*, 557 F.2d at 1287. The
5 Ninth Circuit has articulated a three-part test to determine when it is appropriate to exercise
6 specific jurisdiction over a particular defendant: (1) the nonresident defendant has performed
7 some act by which he purposefully avails himself of the privilege of conducting activities in the
8 forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or
9 results from the defendant's forum-related activities; and (3) exercise of jurisdiction is
10 reasonable. *Id.*

11       Here, there is no question that BWI has sufficient contact with California to establish
12 personal jurisdiction. BWI regularly conducts business in California, and it even has a registered
13 agent in California who is allowed to receive service of process. Opposition at pg. 17.
14 Moreover, BWI has an abundant number of hotels and motels affiliated with California, with
15 ninety-four BWI motels located within 100 miles of San Jose. *Id.* BWI sends its employees and
16 agents to California, as shown by BWI's regular visits to the Mahrooms' motel to conduct
17 inspections. Opposition at pg. 18. In fact, neither party asserts that this Court does not have
18 personal jurisdiction. Accordingly, unless some other policy or legal provision requires a
19 different venue, venue is proper in this Court pursuant to 28 U.S.C. 1391(b) and (c).

20 **B.    Franchise**

21       BWI asserts that venue is improper in California because the parties' membership
22 agreement includes a forum selection clause designating Arizona as the proper forum for any
23 legal proceeding. Motion at pg. 1. "Forum selection clauses are prima facie valid and should not
24 be set aside unless the party challenging enforcement of such a provision can show it is
25 'unreasonable' under the circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325
26 (9th Cir. 1996). A forum selection clause is unreasonable if (1) it was incorporated into the
27 contract through fraud, undue influence, or overweening bargaining power, (2) the selected
28 forum is so "gravely difficult and inconvenient" that the complaining party will be deprived of

their day in court, or (3) the enforcement of the forum selection clause would contravene a strong public policy of the forum in which the suit is brought. *Id.* "To establish the unreasonableness of a forum selection clause, Appellants have the 'heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that they party would be effectively denied their day in court.'" *Id.*

The Mahrooms assert that California public policy precludes judicial enforcement of the subject forum selection clause because under California law any franchise dispute in which the franchisee is located in California must be heard in a California court. Specifically, California Business and Professions Code § 20040.5 states:

> A provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state.

Cal. Bus. & Prof. Code § 20040.5 (2007). According to the California Business and Professions Code, a franchise is:

> a contract or agreement, either expressed or implied, whether oral or written, between two or more persons by which:
> (a) A franchisee is granted the right to engage in the business of offering, selling or distributing goods or services under a marketing plan or system prescribed in substantial part by a franchisor; and
> (b) The operation of the franchisee's business pursuant to that plan or system is substantially associated with the franchisor's trademark, service mark, trade name, logotype, advertising, or other commercial symbol designating the franchisor or its affiliate; and
> (c) The franchisee is required to pay, directly or indirectly, a franchise fee.

Cal. Bus. & Prof. Code § 20001 (2007). An entity is exempt from California's franchise definition if it is in pertinent part:

> A nonprofit organization operated on a cooperative basis by and for independent retailers which wholesales goods and services primarily to its member retailers and in which all of the following is applicable:
> . . .
> (H) Each member and prospective member is provided with an offering circular which complies with the specifications of Section 31111 of the Corporations Code.

Cal. Bus. & Prof. Code § 20001 (2007).

The Mahrooms assert that BWI does not qualify for the nonprofit corporation exception because it has not provided an offering circular to the Mahrooms and at least one other motel

owner.  Opposing at pgs. 10-11 and Affidavit of Eric Cogdill.[1]  An offering circular is "a lengthy, complex, and legally significant document that contains many pages of detailed information about the franchisor's business structure, financial situation, operations, and more."  Gorman Declaration ¶ 4.

BWI asserts that it is exempt from the requirement that it submit an offering circular under Cal. Corp. Code §§ 31101 and 31106.  Cal. Corp. Code § 31101 provides:

> Exemption requirements; net worth; experience; disclosure; notice
> There shall be exempted from the provisions of Chapter 2 (commencing with Section 31110) of this part the offer and sale of a franchise if the franchisor complies with each of the following minimum net worth, experience, disclosure, and notice filing requirements:
> (a) Net worth. The franchisor and, when necessary, a corporation owning at least 80 percent of the franchisor (parent) meet one of the following net worth requirements, according to financial statements for the fiscal year just ended. The franchisor and the parent, when necessary, may rely upon the immediately preceding fiscal year's audited financial statement for 15 months from that fiscal year end date.
> . . .
> (b) Experience. The franchisor or a corporation owning at least 80 percent of the franchisor (parent) complies with one or more of the following conditions throughout the five-year period immediately preceding the offer and sale of the franchise, or complies with one of the following conditions during part of the period and one or more of the following conditions during the balance of the period:
> . . .
> (c) Disclosure. (1) Except as provided in subparagraph (2), the franchisor discloses in writing to each prospective franchisee, at least 10 business days prior to the execution by the prospective franchisee of any binding franchise or other agreement, or at least 10 business days prior to the receipt of any consideration, the following information:
> . . .
> (d) Notice filing. The franchisor has filed with the commissioner a notice of exemption and paid the fee required by subdivision (f) of Section 31500 prior to an offer or sale of a franchise in this state during any calendar year in which one or more franchises are sold, excluding any material modification.

Cal. Corp. Code § 31101 (2007).

The language of Cal. Corp. Code § 31101 sets forth four main requirements for qualification under its provisions: net worth, experience, disclosure, and notice.  Cal. Corp. Code § 31101 (2007).  BWI fulfills the net worth prong of the statute because it has more than

---

[1] Plaintiff cites *Quist v. Best Western International, Inc.*, 354 N.W.2d 659, 661 (N.D. 1984) where the court held that BWI was a franchise.  However, North Dakota did not have an exception to a franchise in its statute as California does.

6

Case No. C 07-2351 JF (HRL)
ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE TO TRANSFER VENUE
(JFEX2)

1  $5,000,000 in assets.[2]  Ms. Pollack's declaration demonstrates that BWI fulfills the experience
2  requirement because BWI has 2,300 members and 4,000 affiliated hotels.  Pollack June 8
3  Declaration ¶ 3.  However, there is a question as to whether BWI satisfies the notice of
4  exemption provision, because BWI not provide copies of the notice of exemption for 1994, when
5  the Mahrooms renewed their agreement.  Reply Exhibit A-C.

6  However, even assuming that its disclosure statement was adequate to meet the statutory
7  requirements for an exemption, there is a factual dispute as to whether BWI provided the
8  Disclosure Statement to the Mahrooms.  Mahroom Declaration ¶ 4.  BWI argues under *Davis v.*
9  *Gulf Oil Corp.*, 572 F. Supp. 1393, 1398 (C.D. Cal. 1983), it only needed to provide the
10 Disclosure Statement when the parties first signed their initial agreement and not at the time of
11 subsequent renewals.  However, the statute at issue in *Davis* was not Cal. Corp. Code § 31101
12 but rather Cal. Corp. Code § 31018.  The latter statute expressly states that it does not apply to
13 renewal agreements, while the disclosure provision in Cal. Corp. Code § 31101 contains no such
14 limitation.  In any event, the Mahrooms assert that they *never* have received the statement.
15 Mahroom Declaration ¶ 4.

16 BWI also argues that even if BWI is a franchise under Cal. Bus. & Prof. Code § 20001, it
17 is exempted from providing an offering circular as the Mahrooms are  "experienced franchisees"
18 as defined in Cal. Corp. Code § 31106.  However, this statute appears to pertain to the initial sale
19 of a franchise to sophisticated buyers, not to renewed agreements with franchisees.

20 **C.     Estoppel**
21 BWI asserts that regardless of whether this Court finds that BWI qualifies under the
22 nonprofit corporation exception, the Mahrooms are estopped from litigating this case in
23 California because they have relied on the franchise agreement for many years to use BWI's
24 mark.  "A promise which the promisor should reasonably expect to induce action or forbearance
25 on the part of the promisee or a third person and which does induce such action or forbearance is
26 binding if injustice can be avoided only by enforcement of the promise."  *Kajima/Ray Wilson v.*

---

[2] Pollack's declaration did not mention that BWI's net worth exceeded $5,000,000 as counsel indicated, but the Court will assume that BWI has more than $5,000,000.

1   *Los Angeles County Metropolitan Transp. Authority,* 23 Cal.4th 305, 310 (Cal. 2000).  While
indeed the Mahrooms have relied on the agreement in order to use BWI's trademark and
services, BWI has not shown that injustice can be avoided only if the instant case is litigated in
Arizona, especially given California's strong public policy to the contrary.

**D.     Transfer of Venue**

Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under § 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer.  *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  However, the Court may disregard the plaintiff's choice of forum where the plaintiff's suit is the result of forum-shopping. *Alltrade. Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).   A motion for transfer pursuant to § 1404(a) lies within the discretion of the Court.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  The decision whether to grant such a motion turns on the facts of the particular case.  *Id*.  The factors to be weighed in deciding a motion for transfer include:  (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) that the relevant public policy of the forum state, if any.  *Id*. at 498-99.

The Mahrooms asserts that it would not be difficult for BWI to litigate in California since BWI regularly transacts business in California and even has a registered agent in California. Opposing at pg. 17.  California is the most convenient forum for the Mahrooms, who will be the principal witnesses with respect to the day-to-day operations of the motel.  Opposing at pg. 18. The Mahrooms state that it would be financially difficult for them to leave their business during the legal proceeding.  Mahroom Affidavit ¶13.  BWI argues that Arizona is the more convenient

1  forum because the contract was signed in Arizona, Arizona is more familiar with laws affecting
2  BWI, the Mahrooms have significant contacts with Arizona, it would be costly for BWI to send
3  witnesses to California, BWI can compel unwilling witnesses to appear in Arizona but not
4  California, and pertinent documents are located in Arizona.  Motion at pgs. 19-20.  None of these
5  arguments has sufficient factual support in the record to override the Mahrooms's choice of
6  forum, and there is no evidence that the Mahrooms are forum-shopping.

### IV.  ORDER

Good cause therefore appearing, Defendant's motion to dismiss or in the alternative to transfer venue is DENIED.

IT IS SO ORDERED.

DATED: July 23, 2007

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-2351 JF (HRL)
ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE TO TRANSFER VENUE
(JFEX2)

1 | Copies of Order served on:
2 | Antony E. Buchignani: antony.buchignani@dlapiper.com, laverne.patane@dlapiper.com
3 | John C. Gorman: jgorman@gormanmiller.com
4 | Charles Joseph Stiegler: cstiegler@gormanmiller.com