*E-filed 9/13/07*

**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADIBA MAHROOM and MAJID MAHROOM,<br><br>  Plaintiffs,<br><br>  v.<br><br>BEST WESTERN INTERNATIONAL, INC.,<br><br>  Defendant.<br>_____/ | Case No. C07-02351 HRL<br><br>**ORDER ON PLAINTIFFS' AND DEFENDANT'S MOTIONS FOR PROTECTIVE ORDERS**<br><br>Re: Docket No. 57 and 68 |

Plaintiffs sue challenging Best Western International, Inc.'s ("BWI") decision to terminate the Mahrooms' membership with the organization.[1] Both parties move for protective orders on depositions. This court has broad authority to issue protective orders related to discovery. *Gray v. Winthrop Corp.*, 133 F.R.D. 39, 39 (N.D. Cal. 1990); Fed. R. Civ. P. 26(c).

## BACKGROUND

After the complaint was served, BWI moved for dismissal and/or change of venue and, alternatively, sought a temporary restraining order. On July 6, Judge Fogel denied both motions. However, at that hearing, the court suggested that the parties conduct limited discovery on an expedited basis, file supplemental briefs, and return for a preliminary injunction hearing on August 31. After the motions at issue here were set for hearing on September 11, Judge Fogel continued the preliminary injunction hearing to October 12.

---

[1] BWI is an Arizona nonprofit membership organization which allows members, consisting of individually owned and operated motels and hotels, to use its registered marks.

**I) BWI's Motion**

BWI moved for a protective order relating to Plaintiffs noticed 30(b)(6) deposition.[2] Defendant objected to the location of the deposition (San Jose, California) because it was not at BWI's headquarters in Phoenix, Arizona. BWI also objected to the deposition date because it had previously notified Plaintiffs of a scheduling conflict with that day. Although Defendant did not comply with the deposition as noticed, eventually all three corporate representatives were produced in San Jose. Even with its motion seemingly mooted, BWI continued to seek costs for producing these deponents in San Jose and a protective order requiring future depositions noticed by Plaintiffs to be held in Phoenix.

As the 30(b)(6) depositions are completed, the motion as it pertains to scheduling is DENIED AS MOOT. Defendant's request for attorney's fees and costs, considered here although not properly raised, is DENIED. Finally, with respect to an order on the location of future depositions, the court finds that such a determination is fact-intensive and the analysis changes depending on the person being deposed.[3] Because this court will not issue an order in a vacuum, the motion as it pertains to location is DENIED.

**II) Mahroom's Motion**

Plaintiffs moved for a protective order, seeking to preclude BWI from conducting depositions of the Mahrooms and members of the Mahroom family until after the Rule 30(b)(6) depositions were completed. Citing no relevant caselaw, Plaintiffs argued that "it would be manifestly unfair to permit Best Western to thumb its nose at plaintiffs' [Rule 30(b)(6)]

---

[2] Concurrently filed with this motion was a motion to shorten time. Filed only five business days before the contested deposition, this court sought (and received) expedited supplemental briefing on the timing issue. The motion to shorten time was denied.

[3] The presumption that depositions of defendant corporate designees should be taken at the principal place of business can be overcome depending on a number of factors. *Moore's Federal Practice, 3d.* § 30.20[1][b]. For example, a court may consider: (1) the location of counsel in the forum district, (2) the number of representatives a party seeks to depose, (3) the likelihood of significant discovery disputes, (4) whether the parties to be deposed often engage in travel for business purposes, and (5) the equities with regard to the nature of the claim and the parties' relationship. *Id.*

2

deposition notice ... yet go forward with depositions of its own." Defendant asserted that there was no good faith basis for filing this motion and requested, in its opposition, fees and costs.

Because no rule requires BWI to produce all of its deponents before it may take Plaintiffs' depositions, Plaintiffs' motion is DENIED. Further, Defendant's request for attorney's fees and costs, which was not properly presented to the court, is DENIED.

## CONCLUSION

Given the limited time available before the preliminary injunction hearing and the parties' apparent difficulties in working together, the remaining depositions are ORDERED to be taken according to the following schedule:

- **Dianne Mahroom**, September 19, 2007 in Palo Alto, California
- **Roxanne Mahroom**, September 20, 2007 (morning) in Palo Alto, California
- **Majid Mahroom**, September 20, 2007 (afternoon) in California
- **Adiba Mahroom**, September 21, 2007 in California
- **Eric Cogdill**, October 5, 2007 in Fresno, California

Much of this dispute could have been avoided if it were not for Plaintiffs' counsel's lack of diligence in responding to and communicating with defense counsel. If trivial or easily avoided discovery disputes continue, the court will consider the appointment of a discovery master at the expense of either or both parties.[4]

**IT IS SO ORDERED.**

Dated: 9/13/07

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] A secondary dispute involving Plaintiffs' delay in producing documents was brought to the court's attention at the hearing. A ruling on that dispute is currently unnecessary because Plaintiffs' counsel agreed on the record to produce the documents by September 17.

3

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

Antony E. Buchignani antony.buchignani@dlapiper.com, laverne.patane@dlapiper.com

John C. Gorman jgorman@gormanmiller.com

Jeffrey Mark Hamerling jeffrey.hamerling@dlapiper.com

Allison L. Harvey allison.harvey@dlapiper.com

Rachel Elizabeth King Lowe rachel.lowe@dlapiper.com

Cynthia A. Ricketts cindy.ricketts@dlapiper.com, kathy.sieckman@dlapiper.com

Charles Joseph Stiegler cstiegler@gormanmiller.com

**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated: 9/13/07

/s/  KRO
Chambers of Magistrate Judge Howard R. Lloyd