*E-filed 9/17/07*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adiba Mahroom, an individual; Majid Mahroom, an individual; | Case No. C07-2351-JF |
| Plaintiff, | **AMENDED STIPULATED PROTECTIVE ORDER** |
| vs. | **WITH ADDENDUM** |
| Best Western International, Inc., an Arizona non-profit corporation; and Does 1 through 100, inclusive; Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c) for the purpose of facilitating the exchange of Confidential Information, filing of such Confidential Information under seal with the Court, and protecting against the unauthorized disclosure, dissemination, or use of such Confidential Information, and the Court finding good cause therefore, **IT IS HEREBY ORDERED** that the following Protective Order shall be in place in the above-captioned matter:

**1.    Definitions**

    **1.1    Confidential Information**

"Confidential Information" means any document, writing, tangible thing of any type that any of the parties, through counsel, designate in good faith as containing information of the parties that is: (a) not generally known by or available to members of the public; or (b) proprietary business, commercial, or financial information, such as trade secrets, future business plans, customer lists, personnel information; or (c) protected by the right to privacy under any state or federal constitutional provisions, or any similar statute, rule, or regulation; or (d) potentially damaging to the business or personal interests of said party if disclosed. Confidential Information is not strictly limited to the document, writing, or tangible thing at issue, and does expressly include the information contained within any document, writing, or tangible thing.

    **1.2    Dissemination**

For purposes of this Protective Order, the term "disseminate," "disseminated," and/or "dissemination" includes: (1) filing a document or information under any Court's electronic filing system, including the District Court for the Northern District of California's ECF filing system; (2) distributing any document or information via facsimile, e-mail, or U.S. Mail; and/or (3) distributing or publishing any document or information on any website accessible to the general public on the world wide web.

**2.    Duties Of The Parties**

    **2.1    Duty To Examine Documents And Maintain The Confidentiality Of Confidential Information**

Information designated as Confidential Information under this Protective Order shall be treated by the parties and their counsel as confidential, such that: (1) such information may be reviewed only by persons so authorized by this Protective Order and who have agreed to be bound by the terms of this Protective Order, and

(2) may be copied by such persons only for purposes of this litigation and may not be used for any collateral proceeding or matter.

Each of the parties has a duty to ensure that any documents to be publicly filed and disseminated do not fall under the "Confidential Information" category described above under the terms of the Protective Order.

**2.2    Duty To File Confidential Information Under Seal**

If any Confidential Information is sought to be included in any papers to be filed with the Court, the party filing it has the duty to file it under seal.  This Protective Order authorizes the Clerk of Court to accept such filings and file them under seal until further Order of this Court.

**2.3    Duty To Properly Designate Confidential Information**

A party who files any Confidential Information with the Court must designate such document as "Confidential" by marking the document with the word "Confidential" prior to filing with the Court.  Any party that marks a document "Confidential" is certifying to the Court that there is a reasonable and good faith basis both in law and in fact for making such a designation.

**2.4    Duty To Disclose Confidential Information Only To Qualified Persons**

Information designated as Confidential Information shall be disclosed only to the following "Qualified Persons":

a.    The parties and their counsel of record and support staff (including secretaries, paralegals, and clerks) engaged in the conduct of this litigation and any officers, directors, or employees of BWI deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b.    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

c.    court reporters employed in this action;

d.    a witness at any deposition or other proceeding in this action; and

e.     any other person as to whom the parties in writing agree.

**2.5     Duty To Ensure The Signing Of Non-Disclosure Agreements**

Prior to receiving any Confidential Information, each Qualified Person (other than those identified in paragraphs 2.4(a) and (b) above) shall be provided with a copy of the Protective Order and shall execute an agreement to be bound by the Protective Order in the form of Exhibit A.  After the conclusion of this litigation, each party obtaining such agreements shall, upon request, provide copies of such agreements to the other parties.

**3.     Rights Of The Parties**

Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party by means independent of discovery from the adverse party in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information in any manner it deems appropriate.

This Protective Order shall be without prejudice to the rights of the parties to:

(1)     bring before the Court at any time the question of whether any particular document or category of documents is Confidential Information or whether its use should be restricted;

(2)     present a motion to the Court for a separate protective order or provision in the Protective Order as to any particular document, thing, material, testimony ,or information, including restrictions differing from those as specified herein;

(3)     assert privilege (including but not limited to trade secret privilege) and decline to produce any documents or information on that basis;

(4)     make a future application for modification of the Protective Order, including modifications specific to any particular documents, information, or

1   things, and challenges to any designation of particular documents or information as

2   being Confidential Information.

3        The Protective Order shall survive the final termination of this action, to the

4   extent that the information contained in Confidential Information is not or does not

5   become known to the public.  **The Court shall retain jurisdiction for 6 months following final
termination of this action to resolve any dispute concerning the use of Confidential**

6   **Information disclosed hereunder.**

7        After final termination of this case upon reasonable demand, counsel for the

8   parties shall assemble and either (a) return to the producing party all documents

9   designated as Confidential Information and all Confidential Information derived

10  from such documents or (b) shall destroy such documents and Confidential

11  Information and certify to the producing party under oath that such documents and

12  Confidential Information have been destroyed.

13

14       SO ORDERED this __17th__ day of _____September_____, 20__07__.

15

16                         _____

17                         Howard R. Lloyd

18                         United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

1

2

3

4     Entered into this 12th day of September, 2007.

5
                                    By:  s/John C. Gorman by Allison Harvey
6                                   John C. Gorman (Bar No. 91515)
                                    Charles J. Stiegler (Bar No. 245973)
7                                   GORMAN & MILLER, P.C.
8                                   210 North Fourth Street, Suite 200
                                    San Jose, California 95112
9                                   Tel: 408.297.2222
10                                  Fax: 408. 297.2224

11                                  Attorneys for Plaintiffs
12                                  Adiba and Majid Mahroom

13
                                    By:  s/Allison Harvey
14
                                    Antony Buchignani (Bar No. 186528)
15                                  antony.buchignani@dlapiper.com
16                                  DLA PIPER US LLP
                                    1999 Avenue of the Stars, Fourth Floor
17                                  Los Angeles, California  90067-6022
18                                  Tel: 310.595.3000
                                    Fax: 310.595.3300
19

20                                  Jeffery M. Hamerling (Bar. No. 91532)
                                    jeffrey.hamerling@dlapiper.com
21                                  DLA PIPER US LLP
22                                  153 Townsend Street, Suite 800
                                    San Francisco, California 94107-1957
23                                  Tel: 415.836.2500
24                                  Fax: 415.836.2501

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cynthia A. Ricketts (*pro hac vice*)
cindy.ricketts@dlapiper.com
Allison L. Harvey (*pro hac vice*)
allison.harvey@dlapiper.com
DLA Piper US LLP
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Tel: 480.606.5100
Fax: 480. 606.5101

Attorneys for Defendant
Best Western International, Inc.

**Exhibit A**

**AGREEMENT TO ADHERE TO PROTECTIVE ORDER
REGARDING CONFIDENTIALITY OF INFORMATION**

I acknowledge that I have received a copy of the Protective Order entered by the Court in *Adiba Mahroom, et al. v. Best Western International, Inc., et al.*, C07-2351-JF, United States District Court for the Northern District of California and dated _____, 20_____ (the "Order"), that I have read the Order, that I understand it, and that I agree to adhere to its terms.

I further acknowledge that, under the terms of the Order, I am forbidden to use or disclose to any person or entity Confidential documents, materials, or information that the parties have produced in the above-captioned lawsuit, except as expressly permitted under the terms of the Order.

I understand that if I violate any term of the Order, I may be subject to sanctions by the Court.

DATED this _____ day of _____, 2007.

Name:                                        Signature:

_____        _____

# ADDENDUM TO PROTECTIVE ORDER

Mahroom, et al. v. Best Western International, Inc., Case No. C07-02351 JF (HRL)

IT IS HEREBY ORDERED as follows:


I.  DEFINITIONS CONTAINED HEREIN:

Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

Protected Material: any Disclosure or Discovery Material designated as "Confidential."


II.  DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential", the designating party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

The over-designation of documents may result in sanctions.  The filing of documents designated "Confidential" puts an additional burden on the Court.  The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-designated.

Often the party filing the document is not the designating party.  In that situation, the party does not have the option to unilaterally de-designate the documents before submitting them to the Court, and has no choice but to request they be filed under seal.


III.  CHALLENGING A DESIGNATION

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may seek appropriate relief from the Court. The burden of persuasion on any such motion shall be on the party claiming confidentiality.

## IV. REQUESTS TO FILE DOCUMENTS UNDER SEAL

Any party wishing to file under seal any document(s) designated "Confidential" shall lodge the document(s) along with a Request for Sealing pursuant to Civil Local Rule 79-5. The document(s) shall be submitted in an appropriate envelope labeled with the case name and number and the title of the document(s). Unless otherwise ordered by the Court, WITHIN TEN (10) DAYS AFTER ANY REQUEST FOR SEALING IS FILED, any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under Rule 26(c). The parties are cautioned that "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (*quoting Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986)).  *See also,* Civil Local Rule 79-5 and commentary thereto.

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

Antony E. Buchignani antony.buchignani@dlapiper.com, laverne.patane@dlapiper.com

John C. Gorman jgorman@gormanmiller.com

Jeffrey Mark Hamerling jeffrey.hamerling@dlapiper.com

Allison L. Harvey allison.harvey@dlapiper.com

Rachel Elizabeth King Lowe rachel.lowe@dlapiper.com

Cynthia A. Ricketts cindy.ricketts@dlapiper.com, kathy.sieckman@dlapiper.com

Charles Joseph Stiegler cstiegler@gormanmiller.com

Dated: 9/17/07

By:＿＿＿＿＿＿KRO＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
CHAMBERS OF MAGISTRATE JUDGE HOWARD R. LLOYD