**E-Filed 2/2/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIBA MAHROOM, et al., | Case Number C 07-2351 JF (HRL) |
| Plaintiffs, | ORDER[1] DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| BEST WESTERN INTERNATIONAL, INC., | [re: doc. no. 156] |
| Defendant. | |

Defendant Best Western International, Inc. ("BWI") moves for partial summary judgment to the extent that Plaintiffs Adiba and Majid Mahroom ("the Mahrooms") seek injunctive relief. The Mahrooms oppose the motion. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on January 23, 2009. For the reasons set forth below, the motion will be denied.

**I.  BACKGROUND**

The Mahrooms have owned and operated a BWI-affiliated motel in Seaside, California since 1975. BWI is an Arizona nonprofit membership organization consisting of individually owned and operated motels and hotels. Member establishments must abide by various standards

---

[1] This disposition is not designated for publication in the official reports.

and bylaws relating to appearance and guest comfort. BWI and its members sign a membership agreement that is renewed annually upon payment of membership dues. In 2004, BWI notified the Mahrooms that their property had failed to meet certain standards required by the membership agreement and BWI bylaws. The parties dispute whether the Mahrooms adequately responded to the alleged violations. In August 1996, BWI informed the Mahrooms that it would seek to terminate the membership agreement. At a hearing in November 2006, BWI's board of directors voted to terminate the Mahrooms' membership, citing their alleged failure to improve and update the motel's facilities.

In response to their termination, the Mahrooms filed the instant action in the Monterey Superior Court on April 4, 2007, alleging breach of contract and related claims. BWI removed the action to this Court on April 30, 2007, and ten days later filed a motion to dismiss or transfer venue and an application for a temporary restraining order ("TRO") to prevent the Mahrooms from using the Best Western trademark during the litigation.[2] The Court declined to issue a TRO, concluding that there was a genuine dispute as to whether the Mahrooms had violated the terms of the membership agreement and that the balance of the hardships favored the Mahrooms. The Court also denied BWI's motion to dismiss or transfer venue because the Mahrooms' choice of forum was not outweighed by factors favoring transfer. BWI subsequently filed an answer and counterclaims, alleging breach of contract and related claims. Both parties seek damages and injunctive relief.

The parties continue to dispute whether the termination of the Mahrooms violated the membership agreement or otherwise was wrongful. BWI also disputes whether the California Franchise Relations Act ("CFRA") applies and, assuming that it does, whether its actions violated CFRA. Although it concedes that these matters are not amenable to summary judgment, BWI filed the instant motion to preclude any claim by the Mahrooms for permanent injunctive

---

[2] BWI also filed a lawsuit against the Mahrooms in the United States District Court for the District of Arizona on April 19, 2007, alleging breach of contract and related claims. The Arizona court denied BWI's application for a TRO, concluding that under the first-to-file rule this Court should determine venue.

Case No. C 07-2351 JF (HRL)
ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC1)

relief and reinstatement to the BWI program.

## II. LEGAL STANDARD

Summary judgment should be granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, or other evidence that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, and instead must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49.

## III. DISCUSSION

To obtain a permanent injunction, a plaintiff must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The considerations with respect to a permanent injunction are substantially similar to those applicable to a preliminary injunction, except that to obtain a permanent injunction, the plaintiff actually must have succeeded on the merits. *Sierra Club v. Penfold*, 857 F.2d 1307, 1318 (9th Cir. 1988); *Coleman v. Wilson*, 912 F. Supp. 1282, 1311 (E.D. Cal. 1995). Whether to grant or deny a request for a permanent injunction is within a court's equitable discretion. *Ebay*, 547 U.S. at 391.

BWI argues that the Mahrooms' claim for injunctive relief fails the *eBay* test for at least two reasons: (1) the Mahrooms cannot show (nor did they plead) irreparable harm and (2) adequate legal remedies are available in the form of damages.  In addition, BWI asserts that injunctive relief is inappropriate in the instant case because applicable law disfavors forced cooperation between adversaries.  The Mahrooms contend that the complaint provides sufficient notice of their request for injunctive relief.  They also argue that the termination of their membership has injured and continues to injure their business reputation and goodwill, and that such harm is not remediable through monetary damages.

### A.  Allegations of Irreparable Harm

As a threshold matter, BWI argues that the allegations of the complaint are insufficient to meet the pleading requirements for injunctive relief, and that the operative complaint does not contain any allegations of "irreparable" injury.  In fact, while the operative complaint first alleges the details surrounding the termination of the membership agreement, it then alleges in connection with a "First Claim" for "Declaratory and Injunctive Relief" that BWI's conduct "has created a substantial impediment to the plaintiffs' ability to operate" and that "Defendants are presently refusing to permit plaintiffs to participate in the Best Western reservations system." Cmplt. ¶16.  It claims that "[the Mahrooms] are entitled to retain their status as operators of a Best Western motel franchise" and that BWI opposes the Mahrooms' continued participation in the Best Western franchise system.  *Id*. ¶¶17-18.  The prayer contains a specific request for a "declaration of rights by this court and issuance of appropriate injunctive relief." *Id*. ¶19.

The Court concludes that such allegations are sufficient as the instant claim for injunctive relief is governed by Fed. R. Civ. P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." A pleading is sufficient if it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  In the instant case, the gravamen of the Mahrooms' claim for relief is clear—BWI allegedly has injured the Mahrooms by limiting certain aspects of their business, and as a remedy the Mahrooms seek injunctive relief.  Details as

to the specific factual underpinnings of the allegations of a complaint are more appropriately the subject of discovery, and such issues typically are crystallized at later stages of the proceedings, such as summary judgment and trial. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.").[3]

### B. Irreparable Harm

"To establish irreparable harm a party must demonstrate that, but for the grant of equitable relief, there is a substantial likelihood that the party will suffer an injury 'for which a monetary award cannot be adequate compensation.'" *LaGuardia Assocs. v. Holiday Hospitality Franchising, Inc.*, 92 F. Supp. 2d 119, 130 (E.D.N.Y. 2000) (quoting *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995). BWI argues that any disruption of the Mahrooms' lodging business falls short of irreparable injury because the motel is still operating. However, "[m]ajor disruption of a business can be as harmful as its termination and thereby constitute irreparable injury." *Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1186 (2d Cir. 1995). Here, it is undisputed that some impairment of business has occurred because the Mahrooms no longer have the benefit of BWI's online reservation system. The loss of this promotional benefit eventually could prove fatal to the Mahrooms' business. *See LaGuardia*, 92 F. Supp. 2d at 131 (loss of access to reservations system could lead to bankruptcy).[4] Moreover, intangible benefits

---

[3] BWI cites several cases in support of the proposition that irreparable harm must be pled explicitly. However, these cases stand for the proposition that a bare allegation of irreparable harm will not support a claim for injunctive relief. *See, e.g., Thompson v. Home Depot, Inc.*, No. 07 CV 1058, 2007 WL 2746603, at *3 (S.D. Cal. Sept. 18, 2007). In the instant case, although the Mahrooms do not claim that they have suffered "irreparable harm," their factual allegations support a reasonable inference that such harm allegedly has occurred. This technical defect, if a defect at all, is not fatal. *See Ghebreselassie v. Coleman Sec. Serv.*, 829 F.2d 892, 895 (9th Cir. 1987) ("a properly pleaded claim in federal court need not specify under which law it arises…'No technical forms of pleading…are required.'") (citations omitted).

[4] BWI contests the applicability of *LaGuardia* to the instant case, noting that the plaintiff in that case was not seeking reinstatement two years after termination. However, the parties contest whether the termination was proper. If termination was improper, the argument could be made that the membership agreement was never actually terminated.

such as business goodwill, reputation and advertising presence often are not quantifiable, and thus their loss may amount to irreparable harm. *See Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("intangible injuries…qualify as irreparable harm."). *See also United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 741 (8th Cir. 2002) ("Loss of intangible assets such as reputation and goodwill can constitute irreparable injury."). If the Mahrooms ultimately prevail on all claims, it is possible that some significant portion of the intangible benefits that arise from being a member of the BWI network will have suffered and be difficult to valuate going forward. *Rent-A-Center*, 944 F.2d at 603 ("damages [that] would be difficult to valuate… constitute[] possible irreparable harm."). Finally, the Mahrooms' long tenure as a Best Western member may prove to be an intangible benefit that may be preserved only through full reinstatement into the BWI membership program. *See Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1205 (2d Cir. 1970) ("[T]he right to continue a business in which [plaintiff] had engaged for twenty years…is not measurable in monetary terms.").

### C. Inadequate Legal Remedy

"Injunctive relief is proper only if monetary damages or other legal remedies will not compensate the plaintiffs for their injuries." *Walters v. Reno*, 145 F.3d 1032, 1048 (9th Cir. 1998). In other words, mere economic injury will not support a request for injunctive relief. *Rent-A-Center*, 944 F.2d at 603. The parties dispute the magnitude of damages and whether any economic harm actually was caused by BWI's termination of the Mahrooms, but significant damages still may constitute irreparable injury if the business is threatened. *Petereit*, 63 F. 3d at 1186. As discussed previously, the Mahrooms have made a showing that if they were to succeed on the merits at trial, damages alone might not compensate them fully for the harm to their business.[5]

---

[5] BWI did not present argument with respect to the remaining *eBay* factors. The Court would observe that to the extent that the balance of hardships applies here, that factor also favors the Mahrooms.

C.  Mandatory Injunctions

BWI also asserts that the Mahrooms' request for reinstatement must fail because "mandatory" injunctions are "particularly disfavored." *See Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, No. 3:07-cv-0131, 2007 WL 2827532, at *3 (D. Alaska Sept. 26, 2007). In *Disability Law Center*, the plaintiff sought the release of student records. Such a claim amounted to a request for "affirmative conduct that 'goes well beyond simply maintaining the status quo.'" *Id*. BWI argues that the status quo in the instant case is that the Mahrooms' and BWI have no formal relationship. From the Mahrooms point of view, however, injunctive relief would restore the status quo ante—namely, the long-time partnership between BWI and the Mahrooms. This Court's denial of BWI's own application for injunctive relief allowed the Mahrooms to continue to use BWI's trademark in their promotional materials, and BWI has not demonstrated that it has been harmed by such actions. Accordingly, the nature of the relief sought does not run afoul of principles disfavoring mandatory injunctions.

BWI also cites *Thayer Plymouth Center, Inc. v. Chrysler Motors Corp.*, 255 Cal. App. 2d 300 (Ct. App. 1967) for the proposition that injunctive relief is inappropriate when the parties are adversaries. *Thayer* held, *inter alia*, that "[c]ourts of equity will not decree the specific performance of contracts which, by their terms, stipulate for a succession of acts whose performance cannot be consummated by one transaction inasmuch as such continuing performance requires protracted supervision and direction." *Id*. at 304. In the instant case, however, reinstatement will not require constant supervision, as membership is renewed annually and the parties would not engage in daily, face-to-face interactions.[6] Moreover, while at this

---

[6] In addition, the relevance of *Thayer* is questionable as it was decided two decades prior to the enactment of the CFRA. A violation of CFRA, which prohibits termination of franchise agreements without "good cause," may permit injunctive relief as a remedy. *See JRS Prods., Inc. v. Matsushita Elec. Corp. of Am.*, 115 Cal. App. 4th 168, 174 (Ct. App. 2004) (CFRA "provides that a franchisee may seek any common law or statutory remedy for wrongful termination of the franchise, including a breach of contract action."). Thus, assuming that BWI also violated the CFRA, specific performance, a form of equitable relief, also may be available. *See id. But see Boat & Motor Mart v. Sea Ray Boats, Inc.*, 825 F.2d 1285, 1291 (9th Cir. 1987) (damages unavailable under CFRA, only remedy was return of inventory).

stage of the proceedings it is difficult to ascertain whether the parties would require excessive supervision post-judgment, that uncertainty does not require that the Court must conclude that injunctive relief is unavailable as a matter of law. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 516 (9th Cir. 1993) ("district court's grant of the permanent injunction is 'inextricably bound up' with the underlying decisions of that court on the merits" of the claims).

## IV. ORDER

Good cause therefor appearing, Defendant's motion for partial summary judgment is DENIED.[7]

DATED: February 2, 2009

_____
JEREMY FOGEL
United States District Judge

---

[7] Both parties filed objections as to certain portions of the declarations submitted in supported of the moving and responding papers. For purposes of the instant motion, the objections are deemed to be well-taken and will be sustained.

1  This Order has been served upon the following persons:

2  Allison L. Harvey    allison.harvey@dlapiper.com, pat.kelly@dlapiper.com

3  Antony E. Buchignani    antony.buchignani@dlapiper.com, laverne.patane@dlapiper.com

4  Charles Joseph Stiegler    cstiegler@gormanmiller.com

5  Cynthia A. Ricketts    cindy.ricketts@dlapiper.com, kathy.sieckman@dlapiper.com

6  Jeffrey Mark Hamerling    jeffrey.hamerling@dlapiper.com, vicki.quarve@dlapiper.com

7  John C. Gorman    jgorman@gormanmiller.com

8  Rachel Elizabeth King Lowe    rachel.lowe@dlapiper.com