**E-Filed 3/30/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIBA MAHROOM, et al., | Case Number C 07-2351 JF (HRL) |
| Plaintiffs, | ORDER[1] GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND THE COMPLAINT |
| v. | |
| BEST WESTERN INTERNATIONAL, INC., | |
| Defendant. | [re: doc. no. 164] |

Plaintiffs Adiba and Majid Mahroom ("the Mahrooms") seek leave to file a first amended complaint ("FAC"). Defendant Best Western International, Inc. ("BWI") opposes the motion as dilatory, prejudicial and contrary to the Mahrooms' prior posture with respect to the applicable law governing the instant case. The Court has considered the moving and responding papers and oral argument presented at the hearing on March 27, 2009. For the reasons set forth below, the motion will be granted in part and denied in part.

## I. DISCUSSION

The Mahrooms have owned and operated a BWI-affiliated motel in Seaside, California since 1975. BWI is an Arizona nonprofit membership organization consisting of individually

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 07-2351 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART ETC.
(JFLC1)

owned and operated motels and hotels.  Member establishments must abide by various standards and bylaws relating to appearance and guest comfort.  The instant action arose out of BWI's termination of the Mahrooms' motel from the BWI member network.  In response to their termination, the Mahrooms filed a complaint in the Monterey Superior Court on April 4, 2007, alleging breach of contract and related claims.  BWI removed the action to this Court on April 30, 2007.  The Mahrooms filed the motion to amend the operative complaint on February 20, 2009.  Discovery has closed, and trial currently is set for April 27, 2009.

Fed. R. Civ. P. 15(a) governs amendments to pleadings and provides that, absent stipulation, after a responsive pleading has been filed subsequent amendments are permitted only with leave of the court.  Under Rule 15(a), "leave shall be freely granted when justice so requires."  "This policy [of granting leave] is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir.2001)).  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962).

A.  New claim under Arizona State Law

The Mahrooms seek to add a claim under Arizona state law for breach of the implied covenant of good faith and fair dealing.  Citing a recent decision by the Arizona district court, *Best Western, Inc. v. Patel*, CV 04-02307 (D. Ariz. 2008), the Mahrooms assert that a plaintiff may recover tort damages under such a theory where it shows that a franchise relationship has been wrongfully terminated.  The Mahrooms argue that Best Western, as an Arizona entity and a party in the *Patel* case, would not be prejudiced by the proposed amendment because it should have been on notice of the possibility of a claim for breach of the implied covenant of good faith and fair dealing under Arizona law.  They contend further that the *Patel* decision "operates as collateral estoppel against Best Western as to the viability of a claim for tortious breach of the

implied covenant of good faith and fair dealing under applicable Arizona law." Mot. at 5. The Mahrooms also seek to add a request for relief under an Arizona statute authorizing attorney's fees.

The original complaint in the instant case sets forth three claims for relief: (1) "Declaratory and Injunctive Relief," (2) "Breach of Written Contract," and (3) "Violation of California Franchise Relations Act." The Mahrooms argue that the original complaint contains sufficient allegations to support the proposed fourth claim for relief, and that the proposed claim merely adds another remedy rather than presenting separate and unique elements of proof.

Under Arizona law, a party "may bring an action in tort claiming damages for breach of the implied covenant of good faith, but only where there is a 'special relationship between the parties arising from elements of public interest, adhesion, and fiduciary responsibility.'" *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395*, 38 P.3d 12, 29 (Ariz. 2002). Thus, there are certain facts that must be discovered prior to trial with respect to whether there was a "special relationship" or "fiduciary responsibility." *See id.* In addition, "[t]here is a difference…in the proof required, depending on whether the claim sounds in tort or in contract." *Id*. In contrast, "[w]hen the remedy for breach of the covenant sounds in contract, it is not necessary for the complaining party to establish a special relationship." *Id*. Accordingly, the proposed claim does not merely seek an additional remedy for the breach of contract claim contained in the original complaint; rather, it is a new claim that would inject new issues after the close of discovery, just before trial is scheduled to begin. Accordingly, the request for leave to amend the complaint to add a claim for breach of the implied covenant of good faith and fair dealing will be denied.[2]

B.  Additional amendments

The Mahrooms also seek to amend the complaint to add language from the BWI membership agreement to "clarify" their claim for injunctive relief and request for attorney's

---

[2] In addition, the Mahrooms acknowledge that such a claim would allow recovery of punitive damages; obviously had such a remedy been sought earlier in the case, the litigation strategies for both parties may have been quite different.

fees.  The Mahrooms also seek to add an allegation that the termination of their franchise has caused them "irreparable harm."  Noting that this Court previously found that the complaint stated a claim for injunctive relief, the Mahrooms want to add specific language out of "an abundance of caution."  Mot. at 6.  The Court concludes that there will be no prejudice to BWI if the Mahrooms are allowed to add these clarifying amendments.  Accordingly, the Mahrooms will be granted leave to amend the complaint to add the clarifying language.

## II.  ORDER

Good cause therefor appearing, the motion by the Mahrooms for leave to amend the complaint is GRANTED IN PART and DENIED IN PART.

DATED:  March 30, 2009

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Allison L. Kierman     allison.kierman@dlapiper.com, pat.kelly@dlapiper.com

Antony E. Buchignani     antony.buchignani@dlapiper.com, laverne.patane@dlapiper.com

Charles Joseph Stiegler     cstiegler@gormanmiller.com

Cynthia A. Ricketts     cindy.ricketts@dlapiper.com, kathy.sieckman@dlapiper.com

Jeffrey Mark Hamerling     jeffrey.hamerling@dlapiper.com, vicki.quarve@dlapiper.com

John C. Gorman     jgorman@gormanmiller.com

Rachel Elizabeth King Lowe     rachel.lowe@dlapiper.com

Case No. C 07-2351 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART ETC.
(JFLC1)