1

2                                                   **E-Filed 4/17/2009**

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12   ADIBA MAHROOM, et al.,                │ Case Number C 07-2351 JF (HRL)

13                       Plaintiffs,        │ ORDER[1] RE MOTIONS IN LIMINE

14          v.                              │ [Re: doc. nos. 185-190]

15   BEST WESTERN INTERNATIONAL, INC.,      │

16                       Defendant.         │

17

18          The Court conducted a pre-trial conference in the above-captioned case on April 10,

19   2009, at which time it made preliminary oral rulings with respect to all of the parties' motions *in*

20   *limine.*  Written rulings are set forth below.

21          A.  Plaintiffs' motions *in limine*

22          Plaintiffs Adiba and Majid Mahroom ("the Mahrooms") seek to exclude the deposition

23   testimony of Moe Ammar on the ground that Mr. Ammar was not compensated in full for his

24   time.  Defendant Best Western International, Inc. ("BWI") has paid the balance owed.  The

25   motion to exclude will be denied.

26          The Mahrooms also seek to exclude the introduction of evidence related to issues other

27   ─────────────────────

28          [1] This disposition is not designated for publication in the official reports.

Case No. C 07-2351 JF (HRL)
ORDER RE MOTIONS IN LIMINE
(JFLC1)

than the purported design defects that formed the basis for BWI's termination of the membership agreement.  For example, BWI seeks to introduce evidence related to customer complaints and late payment of membership dues.  The motion will be granted in part.  BWI may introduce evidence of customer complaints or quality assurance issues to the extent that they overlap with the Mahrooms' alleged failure to comply with BWI's design requirements.

The Mahrooms also seek to exclude the introduction of documents that purportedly were produced after the applicable discovery deadline.  In response, BWI contends that the Mahrooms are mistaken with respect to whether certain documents were produced.  In addition, BWI argues that all of the documents objected to were either produced before the discovery deadline or produced in supplemental productions as required by Fed. R. Civ. P. 26.  The motion to exclude will be denied.  Even if the documents were produced on the eve of discovery cut-off, the Mahrooms could have filed a discovery motion eight months ago to remedy any prejudice.  For similar reasons, the Mahrooms also seek to exclude certain witnesses.  For the same reasons set forth above, the motion will be denied.  With respect to the unnamed custodial witnesses, the parties shall meet and confer to resolve any foundational objections to evidence.

B.  Defendant's motions *in limine*

BWI seeks to exclude certain witnesses who were disclosed only recently after the Mahrooms became aware of other litigation involving BWI, specifically two District of Arizona cases entitled *Best Western Int'l, Inc. v. Dial* and *Best Western Int'l, Inc. v. Patel*.  The Mahrooms argue that BWI will not be prejudiced by their introduction because it already is aware of their existence and relevance.  However, BWI correctly argues that the proposed addition of these witnesses comes late in the proceedings and BWI has not been afforded an opportunity to conduct discovery with respect to these witnesses.  Accordingly, the motion to exclude will be granted, with the exception that Ken Wolski will be allowed to testify if foundational testimony is required with respect to the Mahrooms' financial statements, which were prepared by Mr. Wolski's company.

BWI also seeks to exclude the expert reports of Scott Hampton, the Mahrooms' damages expert.  As the Court stated at the hearing, the motion will be denied subject to reconsideration

2

1    during trial.

2         BWI also seeks to preclude certain legal arguments.  First, BWI argues that the

3    Mahrooms should not be able to assert that the *Patel* decision forms a basis for collateral

4    estoppel as to certain issues.  Resolution of this motion to exclude will be deferred, and each

5    party may submit a single brief not to exceed five (5) pages as to the preclusive effect, if any, of

6    the *Patel* decision.  Second, with respect to the evidence as to (1) the proper residency of a board

7    member, (2) whether the design guidelines were validly adopted, and (3) the alleged violation of

8    the members' bill of rights, the motion will be granted in part to the extent that such evidence is

9    offered to show independent breaches of the membership agreement.  As the Court reiterated at

10   the hearing, the Mahrooms' breach of contract claim as pled rests on BWI's improper

11   termination of the Mahrooms' membership agreement for failing to comply with BWI's design

12   guidelines.  *See* Compl. ¶ 10.[2]  The Mahrooms may refer to these additional issues only to the

13   extent that they relate to the breach of contract claim they have asserted throughout this action.

14        Finally, BWI also seeks to exclude approximately thirty-one of the Mahrooms' proposed

15   trial exhibits on the ground that such evidence was produced after the discovery deadline.  The

16   motion will be denied as to those exhibits that in fact were produced during discovery.  The

17   motion also will be denied as to evidence produced in supplemental productions (*e.g.*, the

18   Mahrooms' updated financial reports).  With respect to the photographs and other evidence that

19   recently came into existence, the motion will be denied subject to relevance objections at trial,

20   depending upon the proof being offered by either party.  The motion to exclude court filings from

21   the *Patel* case will be deferred pending the Court's resolution of the collateral estoppel issue.

22

23

24

25

26    _____

27        [2] On March 30, 2009, the Court granted in part the Mahrooms' motion for leave to file an
      amended complaint.  The Mahrooms still have not filed the amended complaint; the amended
28    pleading must be filed with the Court.  *See* Civ. L.R. 5-1(a).

3

1    IT IS SO ORDERED.

2

3

4    DATED:  April 17, 2009

5

6                                                    _____
                                                     JEREMY FOGEL
7                                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-2351 JF (HRL)
ORDER RE MOTIONS IN LIMINE
(JFLC1)

1  This Order has been served upon the following persons:

2  Allison L. Kierman     allison.kierman@dlapiper.com, pat.kelly@dlapiper.com

3  Antony E. Buchignani     antony.buchignani@dlapiper.com, laverne.patane@dlapiper.com

4  Charles Joseph Stiegler     cstiegler@gormanmiller.com

5  Cynthia A. Ricketts     cindy.ricketts@dlapiper.com, kathy.sieckman@dlapiper.com

6  Jeffrey Mark Hamerling     jeffrey.hamerling@dlapiper.com, vicki.quarve@dlapiper.com

7  John C. Gorman     jgorman@gormanmiller.com

8  Rachel Elizabeth King Lowe     rachel.lowe@dlapiper.com

Case No. C 07-2351 JF (HRL)
ORDER RE MOTIONS IN LIMINE
(JFLC1)